RIKER DANZIG SCHERER HYLAND & PERRETTI  LLP
Anthony J. Zarillo, Jr., Esq. (azarillo@riker.com)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
Attorneys for Defendant,
  National Union Fire Insurance Company of Pittsburgh, Pa.

|  |  |
|---|---|
| AMAZON LOGISTICS, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA.,<br><br>                              Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br>*DOCUMENT FILED ELECTRONICALLY*<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the<br>Superior Court of New Jersey,<br>Law Division, Essex County |

TO:     Clerk of Court
        Martin Luther King Building & U.S. Courthouse
        50 Walnut Street, Room 4015
        Newark, New Jersey  07101

With Notice to:

        Deputy Clerk of the Superior Court, Law Division
        Superior Court of New Jersey, Essex County
        Essex County Veterans Courthouse
        50 West Market Street
        Newark, New Jersey  07102

        Eugene Killian, Jr., Esq.
        Ryan Milun, Esq.
        THE KILLIAN FIRM, P.C.
        555 Route 1 South, Suite 430
        Iselin, New Jersey  08830
        ekillian@tkfpc.com
        *Attorneys for Plaintiff*

1

**PLEASE TAKE NOTICE THAT** on October 5, 2018, based on the following allegations, Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), did and hereby does remove this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 with full reservation of any and all defenses and objections.

## TIMELINESS OF REMOVAL

1.      On August 30, 2018, Plaintiff Amazon Logistics, Inc. ("Plaintiff") filed this civil action against National Union in the Superior Court of New Jersey, Law Division, Essex County, captioned Amazon Logistics, Inc. v. National Union Fire Insurance Company of Pittsburgh, Pa., and assigned Docket No. ESX-L-6172-18 (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is annexed hereto as **Exhibit A**.

2.      On September 7, 2018, National Union was served with a copy of the Summons and Complaint in the State Court Action, through the New Jersey Department of Banking and Insurance ("DOBI"), its appointed agent for service of process in the State of New Jersey. A true and correct copy of correspondence dated September 7, 2018, and evidencing service of the Summons and Complaint upon DOBI effective that date, is annexed hereto as **Exhibit B**.

3.      Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.

4.      Removal of the State Court Action to this Court is thus timely pursuant to 28 U.S.C. § 1446(b)(1).

5.     To National Union's knowledge, no additional process, pleading or order has been filed to date in this action outside of that attached as Exhibit A.

6.     Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

7.     In addition, a copy of this Notice of Removal is being served upon counsel for Plaintiff and is being filed contemporaneously with the Deputy Clerk of the Superior Court, Superior Court of the State of New Jersey, Law Division, Essex County, as required by 28 U.S.C. § 1446(d).

## VENUE AND JURISDICTION

8.     Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Essex County, is located within the district of the United States District Court for the District of New Jersey.

9.     As is set forth in detail below, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the true parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### Diversity of Citizenship

10.     Plaintiff and National Union are both corporations.

11.     Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of every state in which it has been incorporated, as well as of the state where it has its principal place of business.

12.     Plaintiff's Complaint alleges that it is a corporation with a principal place of business in Seattle, Washington.

3

13.   In addition, although the Complaint does not contain any allegations pertaining to Plaintiff's state of incorporation, information from the Delaware Department of State, Division of Corporations, indicates that Plaintiff is incorporated in the State of Delaware.  A copy of the "Entity Details" for Plaintiff Amazon Logistics, Inc., indicating that such entity is incorporated in the State of Delaware, is annexed hereto as **Exhibit C.**

14.   National Union is incorporated in the State of Pennsylvania and has its principal place of business in New York, New York.

15.   Therefore, pursuant to 28 U.S.C § 1332(c)(1), Plaintiff is a citizen of Washington and Delaware and National Union is a citizen of Pennsylvania and New York.

16.   Accordingly, complete diversity of citizenship existed between the parties at the time the Complaint was filed, and complete diversity of citizenship exists at the time of removal.

## Amount in Controversy

17.   Plaintiff seeks, in this action, a declaration as to National Union's duties and obligations owed to Plaintiff, under two policies of insurance that National Union is alleged to have issued to non-party SMX, LLC ("SMX"), with per occurrence limits of $1 million, and $25 million, respectively.  (Complaint ¶ 1, 5).  Specifically, Plaintiff seeks "additional insured" status under the aforementioned insurance policies issued by National Union, in connection with certain claims that have been brought against Plaintiff, SMX, and others, in two underlying personal injury lawsuits.  Plaintiff asserts that it has been forced to incur certain defense expenses in connection with the underlying personal injury lawsuits.  (Complaint ¶¶ 6-19). Plaintiff's claims asserted in the Complaint include seeking a declaratory judgment as to National Union's duty to defend (Id. ¶¶ 20-22) and for breach of contract (Id. ¶¶ 23-24).

4

18.     Plaintiff's declaratory judgment claim seeks non-monetary relief.   Plaintiff's claim for breach of contract, although seeking monetary relief, does not demand a sum certain.

19.     Therefore, pursuant to 28 U.S.C. § 1446(c)(2), this Notice of Removal may assert the amount in controversy, and removal of the action shall be deemed proper if the amount in controversy stated herein is found by a "preponderance of the evidence" to exceed the amount specified in 28 U.S.C. § 1332(a) (i.e., $75,000, exclusive of interest and costs).   See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc., 835 F.3d 388, 395 (3d Cir. 2016).

20.     Although declaratory judgment actions do not directly involve an award of monetary damages, "it is well established" that the amount in controversy in such actions "is measured by the value of the object of the litigation." Auto-Owners, 835 F.3d at 397-98 (citing Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977)); see also 14AA Charles Alan Wright et al., Federal Practice & Procedure § 3708 (4th ed. 2016) ("With regard to actions seeking declaratory relief, the amount in controversy is the value of the right or the viability of the legal claim to be declared, such as a right to indemnification or a duty to defend.").

21.     In other courts in this Circuit, both (1) the insurance policy limits at issue and (2) the value of the underlying litigation have been considered to be relevant in determining the "amount in controversy" in an insurance coverage declaratory judgment action where no sum certain has been demanded.   See, e.g. Liberty Ins. Co. v. Korn, 210 F.Supp.3d 612, 617 (D. Del. 2016) (in declaratory judgment action involving insurer's duty to defend, "courts may consider the insurance policy limits in determining whether the underlying action might result in an award exceeding the jurisdictional amount.") (quotation and citation omitted); Jeffrey Press, Inc. v. Hartford Cas. Ins. Co., 326 F.Supp.2d 626, 628-29 (E.D. Pa. 2004) (where complaint against insurer seeks declaration as to duty to defend, the amount in controversy requirement "can be

5

satisfied by looking to the underlying suit"); <u>Gisele Grocery & Deli v. Hanover Ins. Group</u>, No. 10-158-PGS, 2010 WL 1688578 (D. N.J. Apr. 27, 2010), at *1 (insured did not dispute that "the underlying value of the requested declaratory relief" – <u>i.e.</u>, "the amount of coverage under the Policy" – exceeded $75,000).

22.     As alleged in the State Court Action, Plaintiff seeks a declaration of rights arising under insurance policies issued by National Union, with per occurrence limits of $1 million, and $25 million, respectively.  Given that Plaintiff seeks additional insured status under both policies, the "value of the right" sought by Plaintiff plainly exceeds the $75,000 jurisdictional requirement.

23.     In addition, in June 2018, in one of the underlying bodily injury lawsuits, the underlying plaintiff filed an "offer to take judgment" in the amount of $1 million.  A true and correct copy of the $1 million offer to take judgment is annexed hereto as **Exhibit D**.  Therefore, one of the underlying plaintiffs has placed a value on one of the underlying bodily injury actions of $1 million, which is well in excess of the $75,000 jurisdictional requirement.

24.     The amount in controversy in this action, therefore, exceeds the $75,000 threshold required for diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332(a).

**WHEREFORE**, National Union respectfully requests that the State Court Action be removed from the Superior Court of New Jersey, Law Division, Essex County to the United States District Court for the District of New Jersey.

RIKER DANZIG SCHERER HYLAND &
PERRETTI LLP

By:   **/s/ Anthony J. Zarillo, Jr.**
Anthony J. Zarillo, Jr., Esq. (azarillo@riker.com)
One Speedwell Avenue
Morristown, NJ  07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984

Attorneys for Defendant,
  National Union Fire Insurance Company
  of Pittsburgh, Pa.

Dated: October 5, 2018

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Anthony J. Zarillo, Jr., Esq., of full age, hereby certifies in accordance with Local Civil Rule 11.2 that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except for the state court action being removed to this Court. I am further presently aware of the names of no other parties that should be joined in this action.

I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

RIKER DANZIG SCHERER HYLAND &
PERRETTI LLP

By:     **/s/ Anthony J. Zarillo, Jr.**
        Anthony J. Zarillo, Jr., Esq. (azarillo@riker.com)
        One Speedwell Avenue
        Morristown, NJ  07962-1981
        Telephone: (973) 538-0800
        Facsimile: (973) 538-1984

        Attorneys for Defendant,
          National Union Fire Insurance Company
          of Pittsburgh, Pa.

Dated: October 5, 2018

4987143v3

# EXHIBIT A

Eugene Killian, Jr. (Bar No. 002081990)
Ryan Milun (Bar No. 043412006)
THE KILLIAN FIRM, P.C.
555 Route 1 South, Suite 430
Iselin, NJ  08830
732-912-2100
ekillian@tkfpc.com

*Attorneys for Plaintiff*

## SUPERIOR COURT OF NEW JERSEY
## LAW DIVISION: ESSEX COUNTY

| | |
|---|---|
| AMAZON LOGISTICS, INC.;<br><br>*Plaintiff,*<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>*Defendant.* | Docket No.<br><br>*Civil Action*<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Amazon Logistics, Inc. ("Amazon"), with a principal place of business at 2021 7th Avenue, Seattle, WA 98121, for its complaint against defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), alleges as follows:

### NATURE OF THIS ACTION

1.    By this action, Amazon seeks to enforce National Union's duty and obligation to provide a defense to Amazon in connection with two underlying actions captioned *Susan Pitman v. Charles, et al.*, Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-0013-18, and *David Pitman v. Charles, et al.*, Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-2092-18.[1]

---

[1] The "Pitman Actions."

1

## THE PARTIES

2.      Amazon uses third party delivery companies known as Delivery Service Partners (DSPs) to deliver packages. DSPs pick up packages at Amazon delivery stations and deliver them to customers.

3.      National Union is an insurance company that sells commercial and personal insurance solutions across the United States, including in New Jersey.

4.      National Union operates as a subsidiary of AIG Property Casualty U.S., Inc.

5.      National Union sold insurance policies to SMX, LLC, an Amazon DSP. The two relevant policies sold to SMX, LLC included: (1) Policy Number 007062942 with a policy period of July 1, 2015 through July 1, 2016 and a per occurrence limit of $1 million; and (2) Policy Number 19962018 with a policy period from July 1, 2015 through July 1, 2016 and a per occurrence policy limit of $25 million.[2]

## FACTS COMMON TO ALL COUNTS

6.      The Pitman Actions seek damages for injuries allegedly suffered by Susan and David Pitman as a result of an automobile accident on May 26, 2016.

7.      On March 13, 2015, SMX, LLC ("SMX") and Amazon entered into a contract entitled Delivery Provider Terms of Service – Work Order ("Delivery Provider Agreement").

8.      Under the terms of the Delivery Provider Agreement, after an initial 30-day Pilot Period, if the parties mutually agreed to continue working together, the Delivery Provider Agreement would remain in full force and effect until terminated by either party in accordance with the termination rights set forth in the terms of the agreement.

9.      · The Delivery Provider Agreement between Amazon and SMX remained in full

---

[2] The "National Union Policies."

2

force and effect as of May 26, 2016, which was the date of the accident giving rise to the Pitman Actions.

10.    Under Section 6 of the Delivery Provider Agreement, SMX was required to secure and maintain Commercial General Liability Insurance with limits of not less than $5,000,000 per occurrence and in the general aggregate.

11.    Section 6 of the Delivery Provider Agreement also required SMX to maintain Business Automobile Liability insurance (also known as "motor fleet" insurance) with limits of not less than $5,000,000 per occurrence for bodily injury and property damage combined.

12.    In addition to the policy limits, Section 6 of the Delivery Provider Agreement required the insurance secured by SMX to name Amazon and its affiliates as additional insureds, provide coverage on an occurrence basis, waive any insurer right of subrogation against Amazon or its affiliates, and provide primary coverage without any right of contribution from any other insurance that Amazon or any of its affiliates may have.

13.    Upon information and belief, SMX secured the necessary insurance coverage through National Union that complied with all of the requirements of Section 6 of the Delivery Provider Agreement, and more specifically the additional insured requirement.

14.    On May 26, 2016, an automobile accident occurred involving Nicholson Charles, an employee of SMX, and the underlying plaintiffs Susan and David Pitman.

15.    At the time of the accident, Nicholson Charles was operating his vehicle in the course of his employment with SMX and SMX was operating as a DSP for Amazon under the Delivery Provider Agreement.

16.    Susan Pitman filed a lawsuit against Nicholson Charles and others, including Amazon, on or about January 2, 2018, and David Pitman filed a complaint against Nicholson

3

ESX-L-006172-18   08/30/2018 3:52:43 PM   Pg 4 of 7 Trans ID: LCV20181510832

Charles and others, including Amazon, shortly thereafter.

17.     Amazon, through outside counsel, has answered the complaints in the Pitman Actions.

18.     Any liability of Amazon in connection with the Pitman Actions is derivative, and a result of the activity of SMX.

19.     Amazon, as an additional insured under the National Union policies, has duly requested a defense from AIG with respect to the Pitman Actions, which National Union has not to date provided. Meanwhile, the Pitman Actions are still pending, and Amazon continues to incur defense costs.

## COUNT ONE
### (Declaratory Judgment on Duty to Defend)

20.     Amazon repeats the previous allegations of this Complaint.

21.     National Union's failure to defend Amazon with respect to the Pitman Actions constitutes an ongoing breach of contract, and creates an actual and justiciable controversy between Amazon and National Union.

22.     Amazon is entitled to a declaration of the rights and interests of the parties under the National Union Policies.

**WHEREFORE,** Amazon requests the entry of judgment against National Union as follows:

   a)     Declaring and adjudging that National Union must provide a defense to Amazon for the Pitman Actions;

   b)     Awarding attorney's fees and other costs to Amazon, as allowed by *R.* 4:42-9(a)(6); and

   c)     Awarding any other relief that the Court deems appropriate.

4

## COUNT TWO
### (Breach of Contract)

23.     Amazon repeats the previous paragraphs in this complaint.

24.     National Union's failure to respond properly to Amazon's request for a defense of the Pitman Actions on behalf of Amazon constitutes a breach of contract, as a result of which Amazon has been damaged.

**WHEREFORE,** Amazon requests the entry of judgment against National Union as follows:

a)     Awarding compensatory, consequential and incidental damages to Amazon;

b)     Awarding pre-judgment interest to Amazon;

c)     Awarding attorney's fees and other costs to Amazon, as allowed by *R.* 4:42-9(a)(6);

d)     Awarding any other relief that the Court deems appropriate.

Dated: August 30, 2018                    **THE KILLIAN FIRM, P.C.**
                                          *Attorneys for Plaintiff*


                                          By:   _____
                                                RYAN MILUN

5

ESX-L-006172-18   08/30/2018 3:52:43 PM  Pg 6 of 7 Trans ID: LCV20181510832

## DESIGNATION OF TRIAL COUNSEL

Amazon designates Eugene Killian, Jr. of The Killian Firm, P.C. as its trial counsel in this

case.

Dated: August 30, 2018

**THE KILLIAN FIRM, P.C.**
*Attorneys for Plaintiff*

By: _____

RYAN MILUN

## DEMAND FOR JURY TRIAL

Amazon demands trial by jury with respect to Count Two of the Complaint.

Dated: August 30, 2018

**THE KILLIAN FIRM, P.C.**
*Attorneys for Plaintiff*

By: _____

RYAN MILUN

6

## R. 4:5-1 CERTIFICATION

EUGENE KILLIAN, JR. of full age, certifies as follows:

1.  I have been a member in good standing of the Bar of the State of New Jersey since 1990, and I am the Principal of The Killian Firm, P.C., the attorneys for Plaintiff in this action.

2.  To the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no such action or arbitration proceeding is contemplated, except that, as stated in the Complaint, Plaintiff seeks to enforce liability insurance coverage in connection with two underlying cases:

    *Pitman v. Charles, et al.*, Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-0013-18; and

    *Pitman v. Charles, et al.*, Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-2092-18

3.  I am aware of no non-party who should be joined in this insurance coverage action or who is subject to joiner because of potential liability to any party on the basis of the same transactional facts.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  August 30, 2018

RYAN MILUN

7

# EXHIBIT B



## State of New Jersey
### Department of Banking and Insurance
### Office of the Commissioner

**Phil Murphy**
*Governor*

**Sheila Oliver**
*Lt. Governor*

PO Box 325
Trenton, NJ 08625-0325

Tel (609) 292-7272

**Marlene Caride**
*Commissioner*

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

9/7/2018

Attention:
CORPORATION SERVICE COMPANY
NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA
PRINCETON SOUTH CORPORATE CENTER
100 CHARLES EWING BOULEVARD, SUITE 160
EWING, NJ 08628

RE: Amazon Logistics, Inc. v. National Union Fire Insurance Company of
    Pittsburgh, PA
    Superior Court of New Jersey, Essex County Law Division
    Docket No.: ESX-L-006172-18

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of
Banking and Insurance has accepted original service of process on your behalf in the above-
captioned matter. The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these
documents have been transmitted to you, and confirming that the Commissioner of Banking
and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

*Debra A. Mullen*

**Debra A. Mullen**
Administrative Assistant

C: The Killian Firm, P.C.
   ATTN: Ryan Milun, Esq.
   555 Route 1 South, Suite 430
   Iselin, NJ 08830

# EXHIBIT C

Division of Corporations - Filing                    https://icis.corp.delaware.gov/Ecorp/EntityS

Delaware.gov                                    Governor | General Assembly | Courts | Elected Officials | S

Department of State: Division of Corporations

| | |
|---|---|
| **HOME** | **Entity Details** |
| About Agency | |
| Secretary's Letter | THIS IS NOT A STATEMENT OF GOOD STANDING |
| Newsroom | |
| Frequent Questions | |
| Related Links | |

| | | | |
|---|---|---|---|
| **HOME** | Entity Details | | |
| About Agency | | | |
| Secretary's Letter | THIS IS NOT A STATEMENT OF GOOD STANDING | | |
| Newsroom | | | |
| Frequent Questions | File Number: | 5292879 | Incorporation Date / 3/11/2013 Formation Date: (mm/dd/yyyy) |
| Related Links | | | |
| Contact Us | Entity Name: | AMAZON LOGISTICS, INC. | |
| Office Location | | | |
| **SERVICES** | Entity Kind: | Corporation | Entity Type: General |
| Pay Taxes | | | |
| File UCC's | Residency: | Domestic | State: DELAWARE |
| Delaware Laws Online | | | |
| Name Reservation | | | |
| Entity Search | **REGISTERED AGENT INFORMATION** | | |
| Status | | | |
| Validate Certificate | | | |
| Customer Service Survey | Name: | CORPORATION SERVICE COMPANY | |
| **INFORMATION** | | | |
| Corporate Forms | Address: | 251 LITTLE FALLS DRIVE | |
| Corporate Fees | | | |
| UCC Forms and Fees | City: | WILMINGTON | County: New Castle |
| Taxes | | | |
| Expedited Services | State: | DE | Postal Code: 19808 |
| Service of Process | | | |
| Registered Agents | Phone: | 302-636-5401 | |
| GetCorporate Status | | | |
| Submitting a Request | | | |
| How to Form a New Business Entity | | | |
| Certifications, Apostilles & Authentication of Documents | | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or
more detailed information including current franchise tax assessment, current filing history
and more for a fee of $20.00.

Would you like ◌ Status  ◌ Status,Tax & History Information  [Submit]

[Back to Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

# EXHIBIT D

ESX-L-000013-18   06/15/2018 11:03:32 AM  Pg 1 of 2 Trans ID: LCV20181050216

DAVID WENDEL, ESQ. #031251990
Starr, Gern, Davison & Rubin, P.C.
105 Eisenhower Parkway
Roseland, New Jersey 07068
Tel: (973) 403-9200 │ Fax: (973)226-0031
Attorneys for Plaintiffs

| | |
|---|---|
| SUSAN PITMAN, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: ESSEX COUNTY |
| Plaintiff, | DOCKET NO. ESX-L-0013-18 |
| | |
| v. | Civil Action |
| | |
| NICHOLSON CHARLES; EAN HOLDINGS, LLC; ENTERPRISE-RENT-A-CAR COMPANY; ENTERPRISE LEASING OF PHILADELPHIA; ELRAC, LLC; SMX, LLC; AMAZON LOGISTICS, LLC; ABC STAFFING COMPANY and XYZ LEASING COMPANY, | **OFFER TO TAKE JUDGMENT BY PLAINTIFF AGAINST DEFENDANTS** |

Christopher W. McClanahan, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
200 Campus Drive
Florham Park, New Jersey 07932
*Attorney defendants/Third-Party Plaintiffs, Nicholson Charles and SMX, LLC*

Thomas J. Decker, Esq.
Decker & Magaw
507 Westfield Avenue
Westfield, New Jersey 07090
*Attorneys for Defendants/Third-Party Plaintiffs, Elrac, LLC d/b/a Enterprise Rent A Car*

Todd A. Rossman, Esq.
LeClairRyan
885 Third Avenue, 16th Floor
New York, New York 10022
*Attorneys for Defendants, Amazon Logistics, Inc.*

COUNSELLORS:

ESX-L-000013-18   06/15/2018 11:03:32 AM  Pg 2 of 2 Trans ID: LCV20181050216

PLEASE TAKE NOTICE that pursuant to Rule 4:58-1 et seq., Plaintiff, Susan Pitman,

offers to take judgment against defendants -- Nicholson Charles, SMX, LLC, ELRAC, LLC, and

Amazon Logistics, Inc. -- jointly, severally, or in the alternative, in the amount of $1,000,000.00.

This conditional offer will be deemed withdrawn unless accepted in accordance with said rule.  In

the event this offer is not accepted, Plaintiff will apply to the Court for cost of suit, interest, and

reasonable attorney's fees as provided by Rule 4:58-1.

STARR, GERN, DAVISON & RUBIN, P.C.
Attorneys for Plaintiffs

By: _____
DAVID WENDEL, ESQ.

Dated: June 15, 2018
cc:     Corey A. Deitz, Esq.
        Adam S. Sonn, Esq.
\\SERVER\Data\Donna U-Z\Zakusilo\Zakusilo, Boris 78546-001\Pleadings\Offer of Judgment against Bernadotte.docx

2